IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-576 T
(Judge Allegra)

PRESTOP HOLDINGS, LLC, JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS NOTICE PARTNER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Admits the allegations in the second sentence of paragraph 1, except to state that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of any implied allegation that Prestop Holdings, LLC was a valid partnership. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 1.

2. Admits except to state that defendant's answering attorneys lack knowledge or

information sufficient to form a belief as to the truth of any implied allegation that Prestop Holdings, LLC was a valid partnership.

3. Admits the allegations in the first sentence except to state that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of any implied allegation that Prestop Holdings, LLC was a valid partnership. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 3.

4. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the allegations of paragraph 4, except to deny the allegation that the Commissioner erred in issuing an FPAA after the expiration of both the Partnership's and the partners' statutes of limitations for the tax year 1997.

5. Admits the allegations of paragraph 5.

6. Admits the allegations of the second sentence of paragraph 6 and the allegation in the third sentence that Complainant is a grantor trust. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Admits that an FPAA was issued on December 27, 2004. Denies plaintiff's characterization of Exhibit A as including so much of the statement and schedules accompanying the FPAA as is material, in that the FPAA speaks for itself.

10. Denies the allegations in paragraph 10 as stated. By way of further answer,

defendant avers only that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1508.

11. Admits the allegations in the first sentence of paragraph 11. Further admits only that a check in the amount of $100 was forwarded to the Office of the Internal Revenue Service in Washington, D.C. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 11.

12. Denies the allegations of paragraph 12.

13. Responds to the allegations of paragraph 13 as follows:

A. Admits that the return was received by the Service on October 19, 1998. Denies that the return was filed on October 15, 1998.

B. Denies that the return was filed on October 15, 1998. By way of further answer, states the return was received by the Service on October 19, 1998.

C. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the allegations of date of filing the Grantor's tax return. By way of further answer, states that the return was received by the Service on October 19, 1998.

D. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 13D.

E. Admits the allegations of paragraph 13E.

F. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to truth of the allegations of paragraph 13F.

G-H. States that defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the allegations of paragraphs 13G-H.

I-J. Denies the allegations of paragraphs 13I-J.

K. Admits the allegations of paragraph 13K.

L-M. Denies the allegations of paragraphs 13L-M.

WHEREFORE, the defendant prays that this Court enter judgment in favor of defendant and against plaintiff, determining that the partnership items of Prestop Holdings as adjusted by the FPAA are correct; that plaintiff's complaint be dismissed; and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

August 24, 2005

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366

EILEEN J. O'CONNOR
Assistant Attorney General
MILDRED L. SEIDMAN
Chief, Court of Federal Claims Section
DAVID GUSTAFSON
Assistant Chief
Of Counsel