*United States Attorney*
*Southern District of New York*

**FOR IMMEDIATE RELEASE**
**OCTOBER 17, 2005**

**CONTACT:** **U.S. ATTORNEY'S OFFICE**
**HERBERT HADAD, MEGAN GAFFNEY,**
**HEATHER TASKER, BRIDGET KELLY**
**PUBLIC INFORMATION OFFICE**
**(212) 637-2600**

# 19 INDIVIDUALS CHARGED IN SUPERSEDING INDICTMENT FILED IN CRIMINAL TAX CASE RELATED TO KPMG TAX SHELTERS

ROBERT MCCALLUM, the Acting Deputy Attorney General, MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York, and MARK EVERSON, the Commissioner of the Internal Revenue Service, announced today the filing of a superseding criminal Indictment in what is believed to be the largest criminal tax case ever filed.

Nineteen individuals are charged with conspiracy to defraud the IRS, tax evasion and obstruction of the Internal Revenue Laws arising out of illegal tax shelters that Big 4-accounting firm KPMG and others designed, marketed and implemented, and which, it is charged, generated at least $11 billion in fraudulent phony tax losses and resulted in at least $2.5 billion in tax evaded by wealthy individuals.

The Indictment charges the former Deputy Chairman of KPMG, several former heads of KPMG's Tax Practice, the former CFO of KPMG, the former head of KPMG's Department of Professional Practice, a former KPMG Associate General Counsel, a former tax partner in the New York, New York, office of a prominent national law firm, and numerous other former KPMG tax partners. KPMG, headquartered in New York, with offices in most major cities of the United States, acknowledged its criminal wrongdoing in a Deferred Prosecution Agreement approved by the Court on August 29, 2005.

Named in the Indictment for the first time today are:

RICHARD ROSENTHAL, former Chief Financial Officer of KPMG, former Vice Chairman-Tax Operations, and former KPMG tax partner, who is a CPA.

LARRY DELAP, former Partner-in-Charge of KPMG's Department

of Professional Practice-Tax, and former KPMG tax partner, who is a CPA.

STEVEN GREMMINGER, a former Associate General Counsel in KPMG'S Office of General Counsel serving as the primary contact for the tax practice, and former KPMG partner, who is a lawyer.

DAVID AMIR MAKOV, who joined defendants LARSON and PFAFF in forming entities which participated in certain tax shelter transactions as the purported investment advisor.

GREG RITCHIE, former head of KPMG's CaTs group, and a KPMG tax partner who is a CPA. After leaving KPMG, RITCHIE has been serving as the CFO of a business in Beverly Hills, CA.

RANDY BICKHAM, former KPMG tax partner who is a CPA.

CAROL WARLEY, former KPMG tax partner, who is a CPA.

DAVID RIVKIN, former KPMG tax partner, who is a CPA.

CARL HASTING, former KPMG tax partner, who is a CPA.

DAVID GREENBERG, former KPMG tax partner, who is a CPA.

Named in the original Indictment and again today in new charges are:

JEFFREY STEIN, former Deputy Chairman of KPMG, former Vice Chairman of Tax Services, and former KPMG tax partner, who is a lawyer with a Master's in tax law.

JOHN LANNING, former Vice Chairman of Tax Services, and former KPMG tax partner, who is a CPA (Certified Public Accountant).

RICHARD SMITH, former Vice Chairman of KPMG in charge of Tax, a former leader of KPMG's Washington National Tax, and former KPMG tax partner, who is a lawyer.

JEFFREY EISCHEID, former head of KPMG's Innovative Strategies Group, former Partner-In-Charge of KPMG's Personal Financial Planning Group, and former KPMG tax partner, who is a CPA.

PHILIP WIESNER, former Partner-In-Charge of KPMG's Washington National Tax and former KPMG tax partner, who is a lawyer with a Master's in tax law and a CPA.

JOHN LARSON, a lawyer, CPA and former KPMG Senior Tax Manager who left KPMG to form a series of entities with defendant ROBERT PFAFF, which entities participated in certain tax shelter transactions as the purported investment advisor.

ROBERT PFAFF, a lawyer, CPA and former KPMG tax partner, who left KPMG to form a series of entities with defendant JOHN LARSON.

RAYMOND J. RUBLE, also known as R. J. RUBLE, a lawyer and former tax partner in the New York, New York, office of a prominent national law firm.

MARK WATSON, former Partner-in-Charge of the Personal Financial Planning division in KPMG'S Washington National Tax, and former KPMG tax partner, who is a CPA.

The Indictment alleges that from 1996 to early 2005 the 19 defendants, KPMG, and others conspired to defraud the IRS by designing, marketing and implementing illegal tax shelters. It is charged that this illegal course of conduct was approved and perpetrated at the highest levels of KPMG's tax management, and involved numerous KPMG partners and other personnel.

The alleged conspirators, it is charged, designed, marketed and implemented the shelters so that wealthy individuals who had large income or a large capital gain could eliminate all taxes on that income or gain by simply paying all-in costs and fees of 5-7% of the income or gain they wished to shelter. These fees were paid to KPMG, the Larson/Pfaff Entities which operated as a purported investment advisor, defendant R.J. Ruble's Law Firm, bank participants and others, to implement tax shelter transactions, which were fraudulently designed to look like legitimate "investment transactions" but were in fact intended to generate phony tax losses, with no corresponding economic losses to the taxpayers, according to the charges. The Indictment focuses on 4 shelters known as FLIP, OPIS, BLIPS and SOS.

The shelters were marketed only to individuals who needed a minimum of $10 million or $20 million in losses, and according to the charges, the defendants and their co-conspirators filed and caused to be filed false and fraudulent tax returns that incorporated the phony tax losses. In addition, the defendants and their co-conspirators took specific steps to conceal the very existence of the shelters from the IRS by among

other things, failing to register the shelters with the IRS as required, and by fraudulently concealing the shelter losses and income on tax returns, according to the Indictment.

The Indictment further alleges that the defendants and their co-conspirators prepared false and fraudulent documents to deceive the IRS, should it learn of the transactions, including engagement letters, transactional documents, representation letters and opinion letters. It is also charged that the defendants and their co-conspirators prepared false and fraudulent representations that clients were required to make in order to obtain opinion letters from KPMG and law firms, including Mr. RUBLE's law firm, that purported to justify using the phony tax shelter losses to offset income or gain; and that the conspirators concealed from the IRS the fact that the opinion letters provided by KPMG and the law firms were not independent, but rather were prepared by entities involved in the design, marketing and implementation of the shelters – facts which if known to the IRS, would have rendered the opinion letters worthless.

According to the Indictment, the opinion letters issued by KPMG and the law firms for the shelters FLIP, OPIS, BLIPS and SOS were false in numerous respects, including the over-arching false claim that the transactions were legitimate "investments" rather than tax shelters; false claims that the taxpayers were entering into the transactions variously for investment purposes, to diversify their portfolios and to make a profit, when there were at best negligible investments, the taxpayers' motivations were to get a tax loss and not make investments, and there was at best a remote chance to make a profit that would overcome the fees and costs of the transactions to the taxpayers.

According to the charges, the opinion letters also included false claims about the duration of the investments, and in the case of BLIPS false claims about the existence of loans which were essential to the contention that there were purported tax losses, but which were in fact sham loans which at least two of the banks never funded.

The Indictment alleges that top leadership at KPMG made the decision to approve and participate in shelters and issue KPMG opinion letters despite significant warnings from KPMG tax experts and others throughout the development of the shelters, and at critical junctures, that the shelters were close to frivolous and would not withstand IRS scrutiny, that the

representations required to be made by the wealthy individuals were not credible, and the consequences of going forward with the shelters, as well as failing to register them, could include, among other things, a criminal investigation.

The Indictment also alleges, with respect to one of the shelters, that despite KPMG making the determination that the shelter was not “more likely than not” to be upheld by the IRS, (the standard required if an opinion letter was to protect a taxpayer from severe penalties), KPMG partners marketed the shelter, prepared tax returns incorporating phony shelter losses relying on opinion letters from other firms which they knew contained false and fraudulent representations, and in some instances authored their own KPMG opinion letters that reached a “more likely than not” conclusion and contained false and fraudulent representations. The Indictment also alleges that defendants and their co-conspirators attempted to conceal certain fraudulent tax shelter activities by cloaking communications regarding those activities and certain of the activities with sham attorney-client privilege.

The Indictment alleges that from 2002-2003, in response to the IRS examination of KPMG for failure to register tax shelters and related matters, certain of the defendants continued the fraud on the IRS by: concealing KPMG’s involvement and role in certain shelters; intentionally failing to produce documents that were called for by summonses issued by the IRS; and providing false and evasive testimony to the IRS regarding the nature and scope of KPMG’s involvement with certain shelters. In addition, in connection with the investigation into tax shelters being conducted during the pendency of the IRS examination by a Senate Subcommittee, certain defendants provided false, misleading and incomplete information and testimony at a hearing and a false response regarding documents that were called for in a subpoena issued by the Senate relating to the personal use of tax shelters by KPMG certain KPMG partners, it is also alleged.

The Indictment charges all 19 defendants with 39 substantive charges of tax evasion arising out of the generation of fraudulent tax shelter losses related to the tax returns of certain KPMG clients and the personal returns and related entity returns of defendants RITCHIE, LARSON, PFAFF, MAKOV, and ROSENTHAL. The largest loss taken on these returns was $120

million. The Indictment also charges defendant RUBLE with 4 counts of personal income tax evasion for failing to report all his income to the IRS, including certain side payments he received (and did not report to his law firm), including payments from defendants LARSON and PFAFF, who are also charged with aiding and abetting RUBLE's tax evasion in 2 tax years.

The Indictment charges defendants SMITH, EISCHEID AND GREMMINGER with corruptly obstructing the due administration of the Internal Revenue laws by lying to the IRS with respect to KPMG's involvement in certain shelters and KPMG's compliance with IRS summonses.

Mr. GARCIA stated: "It is hard to imagine anything that can serve to undermine our voluntary system of taxation more than the crimes charged today, where so many professionals banded together with wealthy individuals, to perpetrate this massive fraud on the tax system. This was an orchestrated case of deliberate tax evasion, and not legitimate tax planning. Professionals, including lawyers, accountants, bankers, so-called investment advisors and their firms, as well as taxpayers, should be on notice that the Government will pursue even the most complicated tax fraud schemes designed to help the wealthy evade paying their fair share."

Acting Deputy Attorney General ROBERT MCCALLUM stated: "The Department of Justice is committed to enforcing the tax laws to make certain all individuals comply with their tax obligations. To this end, the Department will vigorously prosecute any individual who makes false representations to the Internal Revenue Service. The prosecution of this case sends a strong message that tax professionals must be honest in their dealings with the IRS."

IRS Commissioner MARK EVERSON stated: "The development and promotion of abusive tax shelters had a corrupting effect on the legal and accounting professions. Tax professionals should help people pay what they owe – not more, not less."

Mr. GARCIA said that the investigation is continuing.

Mr. GARCIA praised the extraordinary investigative work of the Internal Revenue Service and Manhattan Criminal Investigation Division in this case. He also thanked IRS Commissioner Mark Everson and his office for their support and assistance.

Assistant United States Attorneys JUSTIN WEDDLE, STANLEY J. OKULA, and Special Assistant U.S. Attorney KEVIN M. DOWNING are in charge of the prosecution. SHIRAH NEIMAN, Chief Counsel to the U.S. Attorney, is supervising the investigation and prosecution.

The charges contained in the Indictment are merely accusations, and the defendants are presumed innocent unless and until proven guilty.

05-226 ###

Attached are two charts identifying the defendants, their ages and addresses, the charges against them and the maximum penalties upon conviction.

| **Defendant** | **Date of Birth** | **Address** |
|---|---|---|
| Jeffrey Stein | 02/20/1954 | Scarsdale, NY 10583 |
| John Lanning | 06/07/1946 | Naples, FL 34102 |
| Richard Smith, Jr. | 09/08/1961 | Boyce, VA 22620 |
| Jeffrey Eischeid | 06/12/1957 | Marietta, GA 30067 |
| Philip Wiesner | 10/13/1944 | Ponte Vedra Beach, FL 32082 |
| John Larson | 06/10/1951 | New York, NY 10013 |
| Robert Pfaff | 05/13/1950 | Golden, CO 80401 |
| David Amir Makov | 08/12/1966 | Kfar Shmaryahu, Israel 46910 |
| Larry DeLap | 02/21/1943 | Pacific Grove, CA 93950 |
| Steven Gremminger | 07/10/1950 | Bethesda, MD 20817 |
| Raymond J. Ruble (aka R.J. Ruble) | 07/16/1945 | Glen Cove, NY 11542 |
| Gregg Ritchie | 02/23/1957 | Pacific Palisades, CA 90272 |
| Randy Bickham | 03/23/1951 | Half Moon Bay, CA 94019 |
| Mark Watson | 06/20/1967 | Orlando, FL 32825 |
| Carol Warley | 07/22/1956 | Bellaire, TX 77401 |
| David Rivkin | 11/13/1963 | San Diego, CA 92130 |
| Carl Hasting | 02/08/1957 | Agoura Hills, CA 91301 |
| Richard Rosenthal | 02/11/1956 | Purchase, NY 10577 |
| David Greenberg | 09/11/1959 | Aventura, FL 33180 |

| DEFENDANTS | Title: Section | No. of Counts | Description | Maximum Penalty |
|---|---|---|---|---|
| **ALL DEFENDANTS** | **18 U.S.C. § 371** | **1** | **Conspiracy** | **5 yrs.' imp.; fine of greatest of $250,000 or twice the gross gain to defendant or loss to victim; 3 yrs.' S. R.; $100 S.A.; mandatory restitution.** |
| **JEFFREY STEIN<br>JOHN LANNING<br>RICHARD SMITH,<br>JEFFREY EISCHEID,<br>PHILIP WIESNER,<br>LARRY DELAP,<br>DAVID AMIR MAKOV,<br>STEVEN GREMMINGER,<br>GREGG RITCHIE,<br>RANDY BICKHAM,<br>MARK WATSON,<br>CAROL WARLEY,<br>DAVID RIVKIN,<br>CARL HASTING<br>RICHARD ROSENTHAL, and<br>DAVID GREENBERG** | **26 U.S.C. § 7201** | **39** | **Tax evasion** | **5 yrs.' imp.; fine of greatest of $250,000 or twice the gross gain to defendant or loss to victim; 3 yrs.' S. R.; $100 S.A.; restitution; costs of prosecution.** |
| **JOHN LARSON<br>ROBERT PFAFF** | **26 U.S.C. § 7201** | **41** | **Tax evasion** | **5 yrs.' imp.; fine of greatest of $250,000 or twice the gross gain to defendant or loss to victim; 3 yrs.' S. R.; $100 S.A.; restitution; costs of prosecution.** |
| **RAYMOND J. RUBLE,<br>also known as "R.J. Ruble,"** | **26 U.S.C. § 7201** | **43** | **Tax evasion** | **5 yrs.' imp.; fine of greatest of $250,000 or twice the gross gain to defendant or loss to victim; 3 yrs.' S. R.; $100 S.A.; restitution; costs of prosecution.** |
| **RICHARD SMITH<br>JEFFREY EISCHEID** | **26 U.S.C. § 7212(a)** | **1** | **Obstruction of the Due Administration of Internal Revenue Laws** | **3 yrs.' imp.; fine of greatest of $250,000 or twice the gross gain to defendant or loss to victim; 1 yr. S. R.; $100 S.A.** |
| **STEVEN GREMMINGER** | **26 U.S.C. § 7212(a)** | **2** | **Obstruction of the Due Administration of Internal Revenue Laws** | **3 yrs.' imp.; fine of greatest of $250,000 or twice the gross gain to defendant or loss to victim; 1 yr. S. R.; $100 S.A.** |