IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-576 T
(Judge Allegra)

---

PRESTOP HOLDINGS, LLC, JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS NOTICE PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# JOINT STATUS REPORT

---

Pursuant to this Court's January 16, 2008 Order, the parties file this status report to inform the Court whether this matter needs to remain stayed in its entirety or whether particular issues can be heard before the matters currently pending in the United States District Court for the Southern District of New York are finalized.

For the reasons discussed below, Plaintiff believes that this matter should remain stayed in its entirety pending the upcoming trial in the Southern District of New York. Although the parties have discussed two issues as possible candidates for earlier decision; Plaintiff does not believe either should be addressed at this time. Defendant agrees with Plaintiff that this matter should remain stayed.

First, Defendant contends a jurisdictional issue exists of whether the amount required by 26 U.S.C. Section 6226(e)(1), which provides that the partner filing the petition must deposit the amount by which the tax liability of the partner would be increased if the treatment of partnership items on the partner's return were made consistent with the treatment of partnership

items on the partnership return as adjusted by the final partnership administrative adjustment ("FPAA").[1] The partner filing the petition in this case, JL Investment Trust, is a pass through entity, in which John Larson held an interest. Accordingly, Defendant contends that John Larson is an indirect partner and must satisfy the jurisdictional deposit requirement pursuant to Treas. Regulation Section 301.6226(e). There is an additional element to this issue which addresses whether the payment made by the partner was calculated in good faith. Plaintiff asserts that an inquiry into good faith could require testimony of persons involved in the upcoming trial in the Southern District of New York, including John Larson. On that basis, Defendant agrees that resolution of this issue should be stayed pending the litigation in the Southern District of New York.

Plaintiff contends that it has deposited more than the amount required pursuant to 26 U.S.C. Section 6226(e)(1). However, because Defendant's challenge would have to include a contention that Plaintiff's deposit amount was not calculated in good faith, this inquiry could require testimony from persons involved in the upcoming trial, such as Mr. Larson. Further, if good faith were established, Plaintiff would supplement the jurisdictional deposit. *Id.* As a result, Plaintiff believes that moving forward with a deposit challenge by Defendant could implicate the litigation in the Southern District of New York and, in any event, very likely would not substantially advance this litigation.

Both Defendant and Plaintiff agree that if the Court were to determine that the merits of the FPAA must be litigated to resolve the jurisdictional deposit issue, then the litigation in the Southern District of New York would be implicated and the Defendant and Plaintiff both would request that any further proceedings on the issue be stayed.

---

[1] Although Defendant uses the terms "partner" and "partnership," it does not concede that Prestop was a valid partnership for federal tax purposes

Second, Plaintiff has considered the possibility of early adjudication of its statute of limitations argument but has concluded, on reflection, that proceeding piecemeal here may not significantly advance the litigation before full adjudication on its merits. Judicial consideration relevant to the statute of limitations issue presented here is ongoing in various courts (see, e.g., Kligfeld v. Commissioner, 128 T.C. 192 (2007) (the time to appeal has not run) and J & J Fernandez v. United States, 2007 U.S. Claims LEXIS 178 (2007) (ongoing)). Moreover, considering a limitations argument may also require some fact discovery, implicating again the reasons for staying this case in the first place.

Respectfully submitted,

February 15, 2007
Date

s/ Kim Marie K. Boylan
KIM MARIE K. BOYLAN
Attorney of Record
Latham & Watkins LLP
555 Eleventh St., N.W., Suite 1000
Washington, DC 20004-1304
(202) 637-2235 (telephone)
(202) 637-2201 (facsimile)
Kim.Boylan@lw.com

February 15, 2007
Date

s/ David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3366 (telephone)
(202) 540-9440 (facsimile)
David.R.House@USDOJ.gov
JOHN DICICCO,
Deputy Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
Of Counsel
Attorneys for Defendant