IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-576 T
(Judge Allegra)

---

PRESTOP HOLDINGS, LLC, JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS NOTICE PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO RCFC 12(b)(1) AND
MEMORANDUM IN SUPPORT**

---

TED H. MERRIAM, ESQ.
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO  80202
Tel: (303) 592-5404
Fax: (303) 592-5439

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

KEVIN PLANEGGER, ESQ.
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO  80202
Tel: (303) 592-5404
Fax: (303) 592-5439

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................................................................iii

QUESTIONS PRESENTED …........................................................................................2

ARGUMENT   ...............................................................................................................3

1. Plaintiff has satisfied the jurisdictional deposit requirement of section
6226(e)(1) …………..................................................................................................3

2. Plaintiff has shown good faith in depositing the amount of tax liability that
would be owed if the Court were to sustain the adjustment made by the Service in
the FPAA for the tax year before the Court............................................................10

3. A shortfall in the jurisdictional deposit is timely corrected if payment is made
within 60 to 90 days of the determination of the shortfall   .....................................12

CONCLUSION   ............................................................................................................13

## TABLE OF AUTHORITIES

### Cases

BedRoc Ltd., LLC v. United States, 541 U.S. 176 (2004) ................................................. 7

Domulewicz v. Comm'r, 129 T.C. 11, 18-19 (2007) ......................................................... 8

Grapevine Imports, Ltd. v. United States, 71 Fed. Cl. 324 (2006) ..................................... 7

Kislev Partners, L.P. ex rel. Bahar v. United States, 84 Fed. Cl. 385 (2008) reh'g denied,

    84 Fed. Cl. 378 (2008) ..................................................................................... 3-7, 9, 12

Maarten Investerings Partnership, 2000-1 USTC ¶ 50,241 (SDNY 2000)....................... 13

National Data Corp. v. United States, 50 Fed. Cl 24 (2001), ............................................ 6

Olson v. United States, 37 Fed. Cl. 727 (1997), aff'd 172 F.3d 1311 (Fed. Cir. 1999) ..... 9

Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189 (1985) ..................................... 7

Perrin v. United States, 444 U.S. 37, 42 (1979)................................................................. 6

Russian Recovery Fund v. United States, (Docket Number 06-30 T,

    December 14, 2009)......................................................................................... 3-6, 9, 11

Span Hansa Mgmt. v. United States, 91-1 USTC ¶ 50,213 (WD Wash. 1991) ............... 13

### Statutes

Internal Revenue Code of 1986 (26 U.S.C.):

    § 6226...................................................................................................................1-7, 9-13

    § 6231.......................................................................................................................... 7-8

## **Miscellaneous**

Treas. Reg. (26 C.F.R.) § 301.6226(e)-1 ............................................................ 4

Treas. Reg. (26 C.F.R.) § 301.6226(e)-1(2)...................................................... 5

Rules of the Court of Federal Claims 12(b)(1) ................................................ 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-576 T
(Judge Allegra)

---

PRESTOP HOLDINGS, LLC, JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS NOTICE PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO RCFC 12(b)(1) AND
MEMORANDUM IN SUPPORT**

---

JL Investment Trust ("plaintiff"), a notice partner in Prestop Holdings, LLC,

brought this action under 26 U.S.C. 6226(b) on May 26, 2005 to challenge adjustments to

partnership items made by the Internal Revenue Service ("IRS") in a Notice of Final

Partnership Administrative Adjustment issued on December 27, 2004 (the "FPAA").

Pursuant to 26 U.S.C. § 6226(e)(1), JL Investment Trust was required to deposit with the

Internal Revenue Service (the "Service") the amount by which the tax liability of the

partner would be increased if the treatment of partnership items on the partner's return

were made consistent with the treatment of partnership items on the partnership return, as

adjusted by the FPAA. JL Investment Trust determined that the adjustments proposed by

the FPAA would not affect the treatment of partnership items on its return (or the return

of its grantor, John L. Larson), nor would the adjustments increase its (or Mr. Larson's)

tax liability for the year in question.  Accordingly, JL Investment Trust made a nominal deposit of $100 as a demonstration of good faith (Complaint, Exhibit B).

On December 4, 2009, the defendant filed a motion to dismiss this action pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims alleging that the Court lacks subject matter jurisdiction on the grounds that Mr. Larson failed to make the jurisdictional deposit required by 26 U.S.C. § 6226(e)(1).  The defendant also claims that the $100 deposit made by JL Investment Trust was not a good faith effort to satisfy the jurisdictional deposit requirement of 26 U.S.C. § 6226(e)(1).

## QUESTIONS PRESENTED

1.    Whether the Complaint should be dismissed for lack of subject matter jurisdiction where the plaintiff made a nominal jurisdictional deposit of $100 based on the partner's lack of any tax liability for the 1997 year if the United States Court of Federal Claims were to sustain the adjustments made by the Internal Revenue Service in the FPAA dated December 27, 2004.

2.    Whether the plaintiff made a good faith effort to deposit the amount of the partner's tax liability that would be owed if the Court were to sustain the adjustments made by the Service in the FPAA dated December 27, 2004.

3.    Whether a shortfall in the jurisdictional deposit is timely corrected if payment is made within 60 to 90 days after the Court determines that there was a shortfall in the deposit.

2

## ARGUMENT

**1.     Plaintiff has satisfied the jurisdictional deposit requirement of section 6226(e)(1)**

The plaintiff has satisfied the jurisdictional deposit requirement of section 6226 (e)(1) in this case. JL Investment Trust (a grantor trust) deposited a nominal amount of $100 because grantor John L. Larson's tax liability would not be increased in the tax year before the Court (1997) if the government's position set forth in the FPAA is ultimately held to be correct. The defendant concedes that the FPAA adjustments to the partnership's 1997 tax return do not affect Mr. Larson's tax liability for that year (Defendant's Motion at p. 4.). In its motion to dismiss, the defendant asserts that the $100 deposit was deficient because it should have included the amounts that Mr. Larson's tax returns would be increased in subsequent years if this Court ultimately upheld the adjustments made by the Internal Revenue Service in the FPAA. To get to this result, the defendant relies on Kislev Partners, L.P. ex rel. Bahar v. United States, 84 Fed. Cl. 385 (2008), reh'g denied, 84 Fed. Cl. 378 (2008), in which this Court held that section 6226(e) requires the petitioning partner to deposit the amount by which the FPAA adjustments would increase the tax liability for all affected years. Following the filing of the defendant's motion to dismiss on December 4, 2009, a decision was issued in Russian Recovery Fund v. United States, (Docket Number 06-30 T, December 14, 2009) in which this Court followed the rationale set forth in Kislev Partners and also held that the deposit requirement implicates multiple years of the partner's returns. With all due respect to the Court, the Kislev Partners and Russian Recovery Fund decisions misinterpret the clear language of section 6226(e)(1), which states as follows:

> A readjustment petition under this section may be filed in a district
> court of the United States or the Claims Court only if the partner
> filing the petition deposits with the Secretary, on or before the day
> the petition is filed, the amount by which **the tax liability** of the
> partner would be increased if the treatment of partnership items on
> the partner's **return** were made consistent with the treatment of
> partnership items on the partnership return, as adjusted by the final
> partnership administrative adjustment.

26 U.S.C. § 6226(e)(1) (emphasis added).

Section 6226(e)(1) clearly refers to the taxpayer's return, and the word "return" expressly

refers to a single return rather than multiple "returns." Section 6226(e)(1) does not

address tax liabilities on a number of the taxpayer's returns for a number of years. Yet

that is exactly the way the defendant (and the Kislev Partners and Russian Recovery Fund

decisions) reads this clear statutory language. Instead, this section only requires a deposit

of the amount of the increase in the taxpayer's tax liability on the taxpayer's return for

the year of the FPAA that is before the Court.

The statute does not refer to any and all returns affected by the partnership items on

the partnership return as adjusted by the FPAA. The defendant's position that the deposit

should encompass not only the tax increase that would result in the taxpayer's return for

the year before the Court, but all subsequent returns, also conflicts with the

accompanying regulations promulgated by the United States Department of the Treasury:

Amount to be deposited.

> (1) In general. –The jurisdictional amount that the filing partner . . .
> shall deposit is the amount by which the tax liability of the
> partner would be increased if the treatment of the partnership item
> **on the partner's return** were made consistent with the treatment
> of partnership items on the partnership return, as adjusted by the
> Notice of Final Partnership Administrative Adjustment.

Treas. Reg. § 301.6226(e)-1 (emphasis added).

4

Our interpretation that only the return for the year before the Court should be considered in calculating the deposit is further strengthened by an example in this regulation:

> A files a petition for readjustment of partnership items in the United States Court of Federal Claims. A's tax liability would be increased by $4,000 if partnership items **on A's return** were conformed to the partnership return, as adjusted by the Notice of Final Partnership Administrative Adjustment.

Treas. Reg. § 301.6226(e)-1(2) (emphasis added).

Thus, the defendant's regulations do not permit or support the defendant's interpretation that the statutory language covers all of the partner's returns in which the partnership items were used.

According to the Court in the Kislev Partners decision, the "overarching statutory requirement [of section 6226] is that the total 'tax liability' be deposited as a jurisdictional prerequisite to maintaining suit in this forum." In Russian Recovery Fund, the Court agreed with Kislev Partners in holding that the "total tax liability deposit requirement trumps the singular 'return' [language in the statute]." The Court in both cases continues to misinterpret the statute and invent additional statutory language to support the decisions. The statute does not reference "total" tax liability; it merely references the partner's "tax liability." By adding the word "total" to the statutory language, the Court finds legitimacy for its position that the deposit must be calculated based on multiple years and multiple tax returns. A "total" tax liability certainly assumes adding multiple liabilities from multiple returns. The problem, however, is the word "total" is not found in the statute. The Court's interpretation that the basic statutory premise of section 6226 requires full deposit of the total tax liability finds no support in the clear language of the statute.

5

The Court in <u>Russian Recovery Fund</u> further opines that a voluntary election to defer losses to subsequent years should not control the deposit amount. According to the Court, "[a]llowing an entity to do so would permit it to assure itself of a deposit-free chance to litigate by allocating the loss entirely to other years." Although the Court seems concerned about possible manipulation, the statutory section as written provides for a wide range of potential deposit requirements. There should be no dispute that the statute does not require full deposit of all tax liabilities at issue for all partners potentially affected by the FPAA; the statute only requires a deposit by the partner bringing suit. Assuming a tax matters partner or notice partner with a small minority partnership interest, that partner may bring suit with a minimal jurisdictional deposit (even when the total tax liability for all years is totaled) under section 6226 to challenge an FPAA and litigate issues with significant financial consequences to multiple other (majority) partners. The statute, therefore, contemplates a relatively minimal deposit to confer jurisdiction, despite the interpretation by the Court in <u>Kislev Partners</u> and <u>Russian Recovery Fund</u> that the total tax liability must be deposited.

The defendant's argument, and corresponding interpretation of section 6226 (e)(1), run contrary to the long standing rule of statutory interpretation that the plain meaning of the statute controls. The first "fundamental canon of statutory construction" is that, "unless otherwise defined, words will be interpreted as taking their ordinary, contemporary and common meaning." <u>National Data Corp. v. United States</u>, 50 Fed. Cl. 24 (2001) (citing <u>Perrin v. United States</u>, 444 U.S. 37, 42 (1979). The legislative intent of Congress is to be derived from the language and structure of the statute itself, if possible. <u>United States v. Lanier</u>, 520 U.S. 259 (1997). Therefore, "statutory

construction must begin with the language employed by Congress and the assumption that the ordinary meaning of the language accurately expresses the legislative purpose." Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189 (1985). This inquiry requires the court to begin with the text of the statute and ends there as well if the text is unambiguous. Grapevine Imports, Ltd. v. United States, 71 Fed. Cl. 324 (2006) (citing BedRoc Ltd., LLC v. United States, 541 U.S. 176 (2004). In this case, the clear, unambiguous text of the statute refers to the tax liability on a single "return." Therefore, there is no need for additional inquiry and/or interpretation.

The defendant also cites 1 U.S.C. § 1 (in footnote 3) to support its contention (and the Kislev Partners decision) that Congress's use of singular "return" is insufficient to support plaintiff's position. This statutory section provides that "words imparting the singular include and apply to several persons, parties and things" unless the context indicates otherwise. With respect to section 6226, the context certainly indicates otherwise. Again, the clear language refers to one "return" and there is no conflicting language that requires a plural interpretation.

Further, IRS could easily have added any subsequent years to the taxable year covered by the FPAA, which would have eliminated this dispute. Since IRS chose to issue the FPAA only for the single year 1997, it should be estopped to argue that subsequent years are implied.

The defendant also contends that other courts have permitted it to change all of a partner's subsequent tax years that result from an adjustment of a partnership item. The defendant states that multiple courts, including this Court, have interpreted the definition of "tax liability" in section 6231(a)(6) to "encompass adjustments to all of a partner's

7

affected tax years as a result of the treatment of a partnership item under the TEFRA provisions." The defendant focuses on the fact that, pursuant to section 6231(a)(6), the Service may make "computational adjustments" to a partner's tax liability for multiple years. First, the section defendant relies on, section 6231(a)(6), only defines a "computational adjustment" and does not address the Service's authority to make any such computational adjustments. That subsection is <u>not</u> a definition of "tax liability." In fact, computational adjustments may be made only after the Service's partnership determinations are found to be correct. Even then, if the computational adjustment requires partner level determinations, the adjustment may not be made without the issuance of a statutory notice of deficiency permitting the taxpayer to challenge the adjustment. <u>See, e.g.</u>, <u>Domulewicz v. Comm'r</u>, 129 T.C. 11, 18-19 (2007). Moreover, the cases cited by the defendant only permit such "changes" to the partner's tax liability for later years only after the conclusion of the partnership proceeding.

Based on its misapplication of the statute, the defendant contends that it is entitled to make a computational adjustment to a partner's tax liability "[o]nce a final partnership-level adjustment has been made to a partnership item . . . ." (Defendant's Motion at p. 14). To the contrary, it is not the final partnership-level adjustment (the notice of final partnership administrative adjustment) that entitles the government to make computation adjustments; rather it is the conclusion of the challenge to the notice of final partnership administrative adjustment . . . a default on the part of the partnership, the settlement of the matter or the conclusion of the court proceeding. Additionally, the defendant may only "make a computational adjustment to a partner's tax liability without first issuing a notice of deficiency" unless, as the defendant acknowledges, there is no further factual

8

investigation (at the partner level) required. The defendant cites for its contention Olson
v. United States, 37 Fed. Cl. 727 (1997), aff'd 172 F.3d 1311 (Fed. Cir. 1999). In this
case, the partnership proceeding was completed, and the issue for other years was
whether the computational adjustment required further investigation. Olson does not
permit the course of action that the defendant intends for this case: attacking later years
while the partnership proceeding is still pending.

The defendant's assertion that the jurisdictional requirement of section 6226 (e)(1)
requires the plaintiff to deposit amounts owed for taxable years other than the year before
the Court is contrary to a plain reading of section 6226(e)(1) and the accompanying
Treasury regulations. To the extent that this Court has previously ruled (in Kislev
Partners and Russian Recovery Fund) that a partner filing a readjustment petition must
deposit the full amount of the partner's increased tax liability for all years, the plaintiff
respectfully disagrees and requests that the Court revisit this issue. Based on the clear,
unambiguous statutory language of section 6226(e)(1), the plaintiff has satisfied the
jurisdictional deposit requirement by depositing a nominal amount given that Mr. Larson
will not have any tax liability for the 1997 tax year if the adjustments to the FPAA are
sustained.

Alternatively, the plaintiff requests that the court consider prospective application
of the statutory interpretation set forth in Kislev Partners and Russian Recovery Fund and
allow this case to proceed with the current jurisdictional deposit. Again, the statutory
language refers to a single return and there was no conflicting court interpretation at the
time the Complaint in this case was filed. Application of this recent interpretation of this
issue will effectively deprive the plaintiff of an opportunity to litigate (even if given 90

days to cure the shortfall) almost five years after the Complaint was filed. It is highly
unlikely that the plaintiff would be able to raise the necessary funds to cure the alleged
shortfall.

**2.     Plaintiff has shown good faith in depositing the $100 amount given that Mr.
Larson will not have any tax liability for the 1997 tax year if the adjustments to the
FPAA are sustained.**

In addition to asserting that the plaintiff failed to satisfy the jurisdictional deposit
requirement of section 6226 (e)(1), the defendant further argues that the plaintiff should
be precluded from curing any shortfall if the Court determines that section 6226(e)(1)
requires the plaintiff to deposit the amount of any future tax liabilities that Mr. Larson
would owe for all tax years if the FPAA adjustments were sustained. Section 6226(e)(1)
provides in relevant part:

> The court may by order provide that the jurisdictional
> requirements of this paragraph are satisfied where there has
> been a good faith attempt to satisfy such requirements and any
> shortfall in the amounts required to be deposited is timely
> corrected.

26 U.S.C. § 6226(e)(1).

The defendant asserts that the plaintiff/complainant has not acted in good faith, and cites
the disparity between the deposit made by the plaintiff and the alleged correct deposit as
evidence of bad faith. The defendant's position is that the required deposit amount is
$835,687, and that the deposit made by plaintiff represents "a mere .01% of the required
amount". (Defendant's Motion at p. 18.) This $835,687 amount is equal to the amount
of tax liability that the revenue agent at the Service handling the audits of Prestop

10

Holdings, LLC states would be owed by Mr. Larson on his tax returns for 1998, 2000 and 2001 if the FPAA adjustments were sustained.

The defendant focuses on the percentage of the plaintiff's deposit relative to the required deposit if all subsequent tax years and the associated tax liabilities are considered. The statement that the plaintiff only deposited "a mere .01% of the required amount" is disingenuous and completely distorts the determination of whether the plaintiff acted in bad faith. Again, the defendant's claim that the "required amount" is $835,687 is based on the total tax liability that would be owed by Mr. Larson for the 1998, 2000 and 2001 tax years if the FPAA adjustments are sustained; and there was no existing authority in 2005 that directed Mr. Larson to deposit an amount equal to his tax liability for all years. This is not a case where the taxpayer willfully and intentionally disregarded existing authority in determining the amount of the deposit. Rather, the jurisdictional deposit was made based on a plain reading of section 6226 (e)(1), and the relevant Treasury regulations. In Russian Recovery Fund, this court held that the plaintiff/partner had offered a reasonable explanation for the mistaken calculation where he interpreted the statute to require payment for the tax liability solely for the year the FPAA was issued; JL Investment Trust made the identical calculation. The plaintiff maintains, as explained above, that the correct jurisdictional deposit has been made in this case. In the event, however, that the Court ultimately finds that the deposit was insufficient, JL Investment Trust certainly had a reasonable basis for making the $100 deposit based on the lack of judicial precedent at the time the deposit was made.

The FPAA adjusted Prestop Holdings' 1997 partnership return and JL Investment Trust made a jurisdictional deposit based on the tax liability that would be due on Mr.

11

Larson's 1997 tax return if the FPAA adjustments were sustained. More specifically, the trust made a deposit of the amount by which the tax liability would be increased if the treatment of the partnership items on Mr. Larson's 1997 return were made consistent with the FPAA's disallowance of this loss on the partnership's 1997 return. Mr. Larson deposited $100, and the defendant concedes that Mr. Larson would have no tax liability for 1997, even if the FPAA adjustments are sustained. As pointed out above, the defendant's assertion that the jurisdictional deposit must include not only the tax liability for the year at issue but also all succeeding tax years is contrary to the plain reading of the statute and accompanying Treasury regulations. Thus, the plaintiff made its jurisdictional deposit in good faith based on a plain reading of the relevant authorities at the time. In addition, the deposit was based on a calculation made by plaintiff's original counsel, and was consistent with the Service's determination as to the amount that would be due for 1997. If the Court were to determine that plaintiff's deposit should include amounts for Mr. Larson's tax liability for all taxable years, plaintiff should be permitted to cure the shortfall as plaintiff acted in good faith in trying to satisfy the jurisdictional deposit requirement.

**3.     A shortfall in the jurisdictional deposit is timely corrected if payment is made within 90 days of the determination of the shortfall.**

In Kislev Partners, this Court denied the government's motion to dismiss due to the insufficient deposit, recognizing that section 6226 (e)(1) allows a plaintiff to cure a shortfall in its deposit as long as the plaintiff made a good faith attempt to satisfy the jurisdictional requirements. This Court found the requisite good faith attempt despite the

fact that the deposit was less than one percent of the required deposit. Similarly, in Maarten Investerings Partnership, 2000-1 USTC ¶ 50,241 (SDNY 2000), the United States District Court for the Southern District of New York permitted the plaintiff 60 days to remedy the jurisdictional deposit shortfall. In Span Hansa Mgmt. v. United States, 91-1 USTC ¶ 50,213 (WD Wash. 1991), the U.S. District Court for the Western District of Washington granted the petitioner 90 days to cure the deposit shortfall. The plaintiff submits that providing a period of 90 days to cure the shortfall, if the Court determines that there is such a shortfall, should be considered a timely correction of the shortfall within the meaning of section 6226(e)(1).

## CONCLUSION

For the reasons stated above, plaintiff's $100 deposit satisfies the jurisdictional deposit requirement of section 6226 (e)(1) and defendant's Motion to Dismiss the Complaint for lack of subject-matter jurisdiction should be denied. Alternatively, the plaintiff made a good faith attempt to make the correct deposit and should be given 90 days to cure the shortfall.

Respectfully submitted this 4th day of February, 2010.

s/Ted H. Merriam
TED H. MERRIAM, ESQ.
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO  80202
Tel: (303) 592-5404
Fax: (303) 592-5439
Email: tmerriam@taxlaw2848.com

ATTORNEY FOR PLAINTIFF

OF COUNSEL:

s/Kevin A. Planegger
KEVIN A. PLANEGGER, ESQ.
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO  80202
Tel: (303) 592-5404
Fax: (303) 592-5439
Email: tmerriam@taxlaw2848.com

14

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing **PLAINTIFF'S**

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S**

**COMPLAINT PURSUANT TO RCFC 12(b)(1) AND MEMORANDUM IN**

**SUPPORT** has been made on February 4, 2010 via the Court's CM/ECF system to:

Karen Servidea
U.S. Department of Justice –Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044


s/ Kevin A. Planegger
Kevin A. Planegger