# In The United States Court of Federal Claims

No. 05-576 T

(Filed: April 13, 2011)

_____

PRESTOP HOLDINGS, LLC,
JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS
NOTICE PARTNER,

                Petitioner,

   v.

THE UNITED STATES,

                Respondent.

_____

**PROTECTIVE ORDER**
_____

      By agreement of the parties, petitioner, JL Investment Trust, the tax matters partner of Prestop Holdings, LLC (petitioner) and respondent, United States of America (United States or respondent) (each, a party and together, the parties), and non-party, KPMG LLP (KPMG), by and through their attorneys, and in order to protect certain information during the discovery phase of this litigation that non-party, KPMG, may be required to produce during the course of this action while recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, it is hereby **ORDERED** that:

1.     KPMG may designate material as protected information only if it falls within the protections of Rule 26(c) of the Rules of the Court of Federal Claims (RCFC).  Unless otherwise stated in this Protective Order, a declaration setting forth KPMG's good faith basis for designating the information as protected information must be sent to all of the parties prior to, or contemporaneously with, the production or disclosure of that information.  Any dispute regarding whether particular material falls within the protections of RCFC 26(c) shall not serve as the basis for refusing to produce the particular material.  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as copies) of documents or information designated as protected information under this order, or any portion thereof, must be immediately

affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Prestop Holdings, LLC v. United States*, Fed. Cl. 05-576T." Electronically Stored Information (ESI) may be designated as protected information. The physically produced storage device containing protected information in the form of ESI must be immediately affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Prestop Holdings, LLC v. United States*, Fed. Cl. 05-576T." Notwithstanding any other provisions of this order, the parties and KPMG understand and agree that documents or information produced by KPMG in response to subpoenas in this case, and that are otherwise publicly available, are not entitled to treatment as protected information pursuant to this order, and may be treated by the parties as not being protected information without the need for any further order of this court. The presumptions concerning the designation of protected information identified by this paragraph are subject to the objection provisions of paragraph 7. The issuance of this Protective Order does not constitute a finding by the court (or an admission by any party) that any protected information is relevant, admissible, or otherwise not subject to challenge on evidentiary grounds.

2. Protected information may be used in any and all discovery proceedings in this case including, but not limited to, document requests, requests for admission, depositions, interrogatories, and discovery motions, but shall not otherwise be publicly disclosed except as permitted by this order. Protected information may be used by the parties in connection with the prosecution or defense of this action (including, but not limited to, all uses associated with motions filings and all uses associated with offering protected information into evidence or eliciting/offering testimony at trial or an appeal), but not for any other pending or threatened civil litigation, nor any business or other purpose, except as otherwise provided for in this order. The United States may use protected information in other civil litigation, provided that the United States provides written notification to KPMG or its counsel in advance of any intended use in other civil litigation and provided that such advance written notification confirms the agreement of the United States that (i) the protected information will be used solely for purposes of such other civil litigation and (ii) access to the protected information will be limited in the same manner and subject to the same limitations as provided in this order.

3. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as protected information under this Protective Order to any other person or entity, except that disclosures may be made in the following circumstances:

    (a) Disclosure may be made to employees of counsel for the parties, or to employees of the parties to properly accomplish any purpose or activity described in 26 U.S.C. §§ 6103(h) or (k) and the regulations thereunder, which is appropriate in handling this case;

    (b) Disclosure may be made to the court and its personnel;

(c) Disclosure may be made to the parties themselves (for purposes of the United States, this includes all persons employed by the United States Department of Justice or the Internal Revenue Service whose duties include assisting with, or reviewing, matters concerning this litigation);

(d) Disclosure may be made to independent experts or consultants retained by counsel for the parties for the purpose of assisting in this litigation, including any of their staff to whom it is necessary to disclose protected information in order to assist in their participation in this litigation;

(e) Disclosure may be made to any potential witness in this litigation identified in the Complaint, identified during discovery or by the parties' witness lists, or planned to be called as a witness by a party at deposition or during trial or to be interviewed about a matter at issue in this case, as well as any counsel for such witness and any person(s) present during such testimony or interview. For purposes of this paragraph 4(e), the parties and KPMG understand and agree that documents or information produced by KPMG in response to subpoenas in this case, and that are otherwise available to a potential witness described in this paragraph 4(e), shall not be treated as protected information with respect to such potential witness. Individuals identified by this paragraph may be provided with a copy of any relevant protected information for their review in preparation for or during the witness's deposition or testimony, either at trial or other hearing in this litigation. Upon completion of their review, the protected information provided shall be returned to counsel for the party that supplied it;

(f) Disclosure may be made to any mediators, arbitrators, or other outside parties and their staff enlisted by all parties to assist in the resolution of this matter;

(g) Disclosure may be made to outside or contracted litigation-support services, including commercial copying services;

(h) Disclosure may be made to any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action at a deposition; and

(i) Disclosure may be made to employees of the Department of Justice and the Internal Revenue Service who are assigned to any pending criminal investigation or matter, for their unrestricted use in such criminal investigation or matter.

4. No party shall disclose protected information or copies of protected information to any of the persons identified in paragraphs 3(d) or 3(f) without first having obtained an executed acknowledgment from such person, substantially in the form attached hereto or, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order. No party shall disclose protected information or copies of protected information to any of the persons identified in

        Paragraphs 3(e) or 3(h) without first seeking to have such persons execute the Certificate of Compliance with the Protective Order, Attachment A, in the case of depositions, an acknowledgement on the record that such person agrees to be bound by the terms of this Protective Order.

5. Notwithstanding any provision of this Protective Order, where counsel believe protected information, either on its face or in conjunction with other information, indicates a violation or potential violation of law – criminal, civil, or regulatory in nature – the relevant information may be disclosed to the appropriate federal, state, local, foreign, or tribal, law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.

6. The parties and KPMG agree that the inadvertent or unintentional disclosure by a party of protected Information shall not be deemed a waiver in whole or in part of any claim of confidentiality or protected status.  This paragraph applies to both the specific information disclosed as well as any other information relating thereto or on the same or related subject matter.

7. Any party may serve a written objection to any designation of protected information made by KPMG.  This notice shall specifically identify the material or information to which the objecting party wishes to have the designation removed. Within fourteen (14) days of receipt of such objection, KPMG shall (i) review the material to which the objection applies; (ii) notify the objecting party in writing whether KPMG will agree to remove the designation as requested; and (iii) if it will not agree to remove the designation, KPMG will state with specificity its reasons for not agreeing.  If an agreement cannot be reached, KPMG may move for a ruling from the court, designating the material as protected information or for other similar protection, within fourteen (14) days of the expiration of the fourteen (14) day period referenced above. The material at issue will be treated as protected information until the court decides the motion.  If the parties disagree about whether the information is protected information and KPMG does not timely move the court, then the document is deemed to be not protected information.

8. Should either party be commanded pursuant to a valid subpoena issuing from any federal or state court, administrative agency or other governmental authority to disclose protected information, such party will promptly notify KPMG and its counsel in advance of any disclosure pursuant to such a subpoena in order to afford KPMG an opportunity to object or move to quash the subpoena.

9. Within ninety (90) days after the final conclusion of this litigation, including all appeals, each party will provide written certification to KPMG that all originals and/or copies of all protected information (including both paper and electronic versions) in the possession of the party, its counsel or other agents, have been either returned to KPMG or destroyed. Each party's counsel may retain any attorney work product even though it contains

protected information, but such retained work product shall remain subject to the terms of this Protective Order.  Respondent's counsel may retain its work product, copies of court filings and official transcripts and exhibits and other documents required to be retained by written Department of Justice record-retention policy, provided that all such retained documents designated as protected information continue to be treated as provided herein.

10. This Protective Order shall be effective immediately, and shall remain in effect after conclusion of this litigation.  The court may enforce the terms of this agreement and may disclose any protected information as part of a court order or memorandum.

11. Counsel for the parties shall promptly report any willful breach of the provisions of this Protective Order to counsel for KPMG.  Upon discovery of any breach of this Protective Order, counsel for the breaching party shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this Protective Order.  The parties and KPMG shall reasonably cooperate in determining the existence of any such breach and whether there is reason to report the breach to the court.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

**Attachment A**

# In The United States Court of Federal Claims

No. 05-576T

_____

PRESTOP HOLDINGS, LLC,
JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS
NOTICE PARTNER,

                Petitioner,

                v.

THE UNITED STATES,

                Respondent.

**CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER**

      The undersigned has been provided with a copy of the foregoing Protective Order entered in the case captioned *Prestop Holdings, LLC v. United States*, No. 1:05-cv-0576T; has had an opportunity to review the Protective Order; and is fully familiar with all of the terms of the Protective Order.  By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Protective Order.

Date: _____      Name (Print): _____

                                                    Signature: _____