IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-576 T
(Judge Allegra)

_____

PRESTOP HOLDINGS, LLC, JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS NOTICE PARTNER,

                              Plaintiff,

v.

THE UNITED STATES,
                              Defendant.

_____

MOTION OF THE UNITED STATES TO DEPOSE
PERSONS CONFINED IN PRISON
_____

The United States of America, by and through its undersigned counsel, hereby moves the Court pursuant to RCFC 30(a)(2) for leave to depose John Larson and Robert Pfaff, individuals who are confined in prison. As explained below, through their respective grantor trusts, Mr. Larson and Mr. Pfaff were the sole partners in Prestop Holdings, LLC, during the time relevant to this case and were intimately involved in the transaction at issue. In support of its motion, the United States submits the following:

**BACKGROUND**

This is a federal income tax case involving the 1997 tax year of a purported partnership known as Prestop Holdings, LLC (the "partnership"). The two partners in Prestop Holdings were two grantor trusts called the JL Investment Trust and the RP Investment Trust belonging,

6873397.1

respectively, to John Larson and to Robert Pfaff. In 1997, Larson and Pfaff used Prestop Holdings to execute a "Son of BOSS" tax shelter and thereby to shield their own income from taxation. As part of the shelter, each trust entered into a $3 million short sale of U.S. Treasury securities in December 1997 and immediately contributed the short sale position to the partnership. The partnership received both the proceeds from each short sale as well as the obligation to close the short sale by replacing the securities that had been sold short. The trusts took the position, however, that, while the proceeds increased each trust's basis in its partnership interest, the obligation to close the short sale did not correspondingly decrease the trust's basis in its partnership interest. *See* I.R.C. § 705(a)(1), (2) (providing that the basis of a partnership interest increases by the amount of a partner's contributions to the partnership and decreases by the amount of distributions by the partnership to the partner); I.R.C. § 752(b) (providing that a decrease in a partner's individual liabilities by reason of the assumption by the partnership of such liabilities shall be considered as a distribution from the partnership to the partner).[1]

Thus, as a result of the short sale contribution, each trust claimed a $3 million basis step-up in its partnership interest. Approximately one week later, each trust purported to transfer its partnership interest to a corporation called Torpre, Inc., in exchange for shares of that corporation. The trusts then posited that each trust's basis in its former partnership interest (including the $3 million step-up) carried over to its Torpre stock. Each trust subsequently

---

[1]Since the filing of the complaint in this case, the Federal Circuit issued its decision in *Marriott International Resorts et al. v. United States*, 586 F.3d 962 (Fed. Cir. 2009), disallowing a loss generated from the same type of Son of Boss shelter at issue in this case. In *Marriott*, the court held that an obligation to close a short sale of Treasury securities constitutes a "liability," within the meaning of I.R.C. § 752(b). *Id.* at 979. The court held that when a partner contributes a short position in Treasury Securities to a partnership, therefore, the partner's basis in his partnership interest decreases on account of the obligation to close the short sale. *Id.*

claimed a capital loss of approximately $2.6 million from the purported sale of its Torpre shares based on the difference between the shares' alleged basis of approximately $3.1 million and $536,586 allegedly received in exchange for the shares. The resulting tax deduction flowed through to Larson and Pfaff's personal income tax returns.

According to documentation received in discovery and in the IRS's files, Larson and Pfaff were not only the partners in Prestop Holdings in 1997, but they also purported to be its managers at that time. In addition, Larson appears to have acted as the president of Torpre, Inc., and, in that capacity, purported to accept each trust's contribution of its interest in Prestop Holdings in exchange for shares of Torpre. Other documentation indicates that Pfaff was the secretary of Torpre, Inc.

On or about December 27, 2004, the IRS issued the partnership a notice of final partnership administrative adjustment ("FPAA") for 1997, which, among other things, increased the amount of the partnership's contributions to its partners by the amount of the short sale obligations, thus eliminating the basis step-up claimed by the trusts. The FPAA further determined that Prestop Holdings was formed solely for the purpose of tax avoidance and that the short sales, and the transfers thereof to Prestop Holdings, had no business purpose, lacked economic substance, and constituted economic shams. Finally, the FPAA imposed accuracy-related penalties in the amount of 40% of the resulting underpayment on the grounds that the underpayment was attributable to a gross valuation misstatement or, in the alternative, in the amount of 20% of the resulting underpayment on the grounds that the underpayment was attributable to negligence or disregard of rules and regulations, a substantial understatement of income tax, and a substantial valuation misstatement. *See* I.R.C. § 6662. Plaintiff, the JL

Investment Trust, filed this suit, seeking a readjustment of the partnership items adjusted by the FPAA.  *See* I.R.C. § 6226 (providing the procedures for a partner to obtain judicial review of an FPAA).

In 2009, Larson and Pfaff were convicted of tax evasion in the United States District Court for the Southern District of New York.  *See* "Judgment in a Criminal Case," *United States v. John Larson*, Crim. No. 05-cr-888-6 (LAK) (S.D.N.Y. Apr. 24, 2009), Doc. No. 1459; "Judgment in a Criminal Case," *United States v. Robert Pfaff*, Crim. No. 05-cr-888-7 (LAK) (S.D.N.Y. Apr. 24, 2009), Doc. No. 1453.  Larson was sentenced to an aggregate period of incarceration of 121 months.  He is presently incarcerated in the Federal Correctional Institution - La Tuna in El Paso, Texas, with a projected release date of January 10, 2018.  Pfaff was sentenced to an aggregate period of incarceration of 97 months.  In separate proceedings, Mr. Pfaff was convicted of conspiracy to defraud the United States by impeding the collection of revenue.  *See* "Judgment in a Criminal Case," *United States v. Robert Pfaff*, Crim. No. 08-cr-239 (RMB) (S.D.N.Y. Mar. 4, 2010).  As a result of his second conviction, Mr. Pfaff was sentenced to 57 months in prison, with all but three months running concurrently with the sentence imposed in the earlier proceeding.  Mr. Pfaff is presently incarcerated in the Federal Prison Camp - Duluth in Duluth, Minnesota, with a projected release date of July 23, 2016.

This case is currently in the discovery phase, and the United States seeks to take the depositions of John Larson and Robert Pfaff to gather evidence to defend the United States's position.  Counsel for plaintiff has advised that plaintiff consents to the taking of the depositions requested in this motion.

**ARGUMENT**

Rule 30(a)(2) of the Rules of the Court of Federal Claims provides that a party must obtain leave of court to examine a person confined in prison by means of oral deposition. *See Miller v. Bluff*, 131 F.R.D. 698, 699 (M.D. Pa. 1990).

It is imperative that the United States depose John Larson and Robert Pfaff. First, at this time, it appears that Larson and Pfaff are both parties to this proceeding. As a general matter, in a suit for the judicial review of an FPAA, each person who was a partner in the partnership during the year adjusted by the FPAA is treated as a party. I.R.C. § 6226(c)(1). For that purpose, the definition of the term "partner" includes not only direct partners but also "any other person whose income tax liability . . . is determined in whole or in part by taking into account directly or indirectly partnership items of the partnership." I.R.C. § 6231(a)(2)(B). Thus, even though Larson and Pfaff were not direct partners in Prestop Holdings, they are both parties to this suit because the tax items of Prestop Holdings for the taxable year 1997 passed through to the JL Investment Trust and the RP Investment Trust and then passed through to Larson and Pfaff. *See* I.R.C. § 702 (providing that a partnership is a pass-through entity); I.R.C. § 671 *et seq.* (providing that a grantor trust is taxed as a pass-through entity).[2]

Moreover, given their substantial involvement in the transaction at issue, Larson and Pfaff presumably possess knowledge that can shed light on the claims and defenses asserted in

---

[2]There are two exceptions to the rule that a partner during the taxable year at issue is treated as a partner to a suit brought under I.R.C. § 6226. First, a partner is not treated as a party after the day on which the partner's partnership items become nonpartnership items. I.R.C. § 6226(d)(1)(A). Second, a partner is not treated as a party after the period within which any tax attributable to the partnership items may be assessed against the partner has expired. I.R.C. § 6226(d)(1)(B). To the United States's knowledge, neither exception is currently applicable to Larson or Pfaff.

this case. Indeed, plaintiff has listed in its initial disclosures both Larson and Pfaff as individuals likely to have discoverable information. Accordingly, leave should be granted to take their depositions.

One of the purposes behind Rule 30(a)(2)'s requirement that leave of court be obtained before conducting a deposition of an incarcerated person is to prevent the disruption of the administration of the penal institution involved. *Kendrick v. Schnorbus*, 655 F.2d 727, 728 (6th Cir. 1981). Counsel for the United States is prepared to make all necessary arrangements with the authorities at the Federal Correctional Institute - La Tuna and the Federal Prison Camp - Duluth so that the depositions of Larson and Pfaff can be taken with the minimum amount of inconvenience to this Court and to the prisons.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court grant it leave to depose John Larson and Robert Pfaff.

                              Respectfully submitted,

June 8, 2011
                              s/ Karen Servidea
KAREN SERVIDEA
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3423 - telephone
(202) 514-9440 - facsimile
karen.e.servidea@usdoj.gov

JOHN A. DiCICCO
   Principal Deputy Assistant Attorney General
STEVEN I. FRAHM
   Chief, Court of Federal Claims Section

s/ Steven I. Frahm
June 8, 2011                                Of Counsel