IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-576 T
(Judge Allegra)

_____

PRESTOP HOLDINGS, LLC, JL INVESTMENT TRUST,
JOHN M. LARSON, GRANTOR/TRUSTEE,
TAX MATTERS PARTNER FILING AS NOTICE PARTNER,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

_____

REPLY BRIEF OF THE UNITED STATES IN SUPPORT OF ITS
MOTION TO COMPEL PLAINTIFF TO ANSWER DEFENDANT'S FIRST SET OF
INTERROGATORIES AND TO CLARIFY ITS RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR PRODUCTION

_____

On May 19, 2011, defendant, the United States of America, filed a motion to compel

plaintiff to answer defendant's first set of interrogatories and to clarify its responses to

defendant's first set of requests for production. In its motion, defendant additionally requested

that the Court's order state that plaintiff has waived all objections to the interrogatories. Plaintiff

filed its response to defendant's motion on June 6, 2011. In its response, plaintiff has advised

that it intends to clarify its responses to defendant's first set of requests for production by June

20, 2011, and to answer defendant's first set of interrogatories by June 30, 2011. Defendant has

no objection to the dates proposed by plaintiff but, for the reasons discussed below, respectfully

requests that the Court issue an order compelling plaintiff to serve its discovery responses by the

dates proposed by plaintiff.  Defendant additionally requests that the Court's order specify that plaintiff has waived all objections to the interrogatories.

Discussion

I.       The Court Should Enter an Order Compelling Plaintiff to Respond to the Discovery Requests within the Time Periods Proposed by Plaintiff.

The Court should enter an order compelling plaintiff (1) to clarify its responses to defendant's first set of requests for production to address the concerns raised in defendant's motion to compel by June 20, 2011, and (2) to respond to defendant's first set of interrogatories by June 30, 2011.  Such an order is necessary because of plaintiff's demonstrated and repeated disregard for discovery deadlines, even such deadlines as are chosen by plaintiff itself.

As detailed in defendant's opening brief, plaintiff missed the original due date (April 7) for its responses to defendant's requests for production and interrogatories.  It did so without first seeking a stipulation from defendant or an order from the Court for an enlargement of time for its responses.  After defendant contacted plaintiff's counsel to inquire about the outstanding discovery responses, plaintiff requested, and defendant consented to, eighteen-day and twenty-nine-day[1] enlargements for its production responses and interrogatory responses.  Plaintiff then ignored the two stipulated, enlarged due dates for its discovery responses – *due dates that plaintiff itself chose*.  Such a track record of disregarding discovery deadlines necessitates the entry of an order to compel plaintiff to properly and fully respond to defendant's discovery

---

[1]Defendant notes that in her Certificate That Moving Party Attempted Informal Resolution, defendant's attorney, Ms. Servidea, inadvertently miscalculated the number of days in the stipulated enlargement for plaintiff's interrogatory responses as thirty.  (*See* Certificate to Def.'s Mot. at A-ii.)  As stated above, the enlargement (from April 7 to May 6) was actually for a period of twenty-nine days.

requests by the dates proposed by plaintiff.  A violation of such an order would expose plaintiff

to the range of sanctions provided by Rule 37(b) and thus should ensure that plaintiff follows

through with its current proposal.

II.     <u>The Court Should Order That Plaintiff Has Waived All Objections to Defendant's
        Interrogatories.</u>

Because plaintiff has failed to establish good cause for its failure to timely object to the

interrogatories, defendant also requests that the Court include in its Order a statement that

plaintiff has waived all objections to defendant's interrogatories.  *See* RCFC 33(b)(4).

As explained in defendant's motion, the Rules of the Court of Federal Claims provide

that any ground not stated in a timely objection to an interrogatory is waived unless the court, for

good cause, excuses the failure.  RCFC 33(b)(4).  It is not disputed that plaintiff failed to timely

object to any of defendant's interrogatories. To determine whether a party had good cause for

failing to timely object to discovery requests, courts have analyzed several factors, including (1)

the reason for the delay, (2) the length of the delay, (3) whether the discovery requests were

properly framed and not excessively burdensome, and (4) whether waiver would impose an

excessively harsh result on the defaulting party.  *See Caudle v. District of Columbia*, 263 F.R.D.

29, 33 (D.D.C. 2009) (quoting *Hall v. Sullivan*, 231 F.R.D 468, 474 (D. Md. 2005)) (analyzing

the above-listed factors, among others and concluding that the defendant had waived all non-

privilege-related objections to the plaintiff's interrogatories and requests for production).

Here, those factors support a finding that plaintiff has waived its right to object to the

interrogatories.  First, plaintiff has failed to offer an adequate justification for its delay in

responding or objecting to defendant's interrogatories.  Although plaintiff states in its response

that "[John Larson and Robert Pfaff's] incarceration makes it impossible to timely respond to the

Defendant's voluminous discovery requests in a timely manner" (Pl.'s Resp. at 1), plaintiff has

not offered facts to support that assertion.  In that regard, defendant has asked plaintiff's counsel

to explain what efforts it has made to respond to the discovery requests, but plaintiff's counsel

has provided no response to that inquiry.  (*See* Email from Karen Servidea to Kevin Planegger

dated April 20, 2011 (Def. Ex. 4 to Def.'s Mot. at A-30); Email from Kevin Planegger dated

April 20, 2011 (Def. Ex. 5 to Def.'s Mot. at A-31).)

　　　　Based on the information available on the Bureau of Prisons website, it appears that

federal prisoners in both Federal Correctional Institution (Federal Satellite Low) – La Tuna,

where Mr. Larson is incarcerated, and Federal Prison Camp – Duluth, where Mr. Pfaff is

incarcerated, are permitted to communicate with persons outside the respective prison via mail,

telephone (on only a limited basis at Duluth), and personal visits (on only a limited basis at both

facilities).  *See Federal Correctional Institution, Federal Satellite Low, Federal Prison Camp La

Tuna, Anthony, Texas Inmate Handbook*, *available at*

http://www.bop.gov/locations/institutions/lat/index.jsp; *Admission & Orientation Federal Prison

Camp Duluth, Minnesota 55814* (Department of Justice, Bureau of Prisons), *available at*

http://www.bop.gov/locations/institutions/dth/index.jsp.

　　　　To be sure, one would expect that the limitations on visiting privileges and (in the case of

Mr. Pfaff) phone privileges might cause a certain amount of delay in responding to defendant's

interrogatories.  For that reason, defendant previously consented to a twenty-nine-day

enlargement for plaintiff's interrogatory responses.  But plaintiff has not demonstrated that it has

tried in good faith to respond to defendant's interrogatories and been unable to do so because of

Larson and Pfaff's incarceration.  *Cf. Equity Indus. A-Rockville LLC v.7900 Rockville, LLC*,

2010 WL 1737915 at *2 (S.D. Ind. Apr. 27, 2010) (holding that a nineteen-day delay in responding to discovery requests "unaccompanied by any indication that Defendants were actually attempting to honor their . . . deadline in the meanwhile, cautions against a finding of good cause").  In any event, the incarceration of Prestop Holdings's principals clearly does not excuse plaintiff's failure to timely seek enlargements of time to respond to the discovery requests, either by defendant's consent or by order of the Court.  *Cf. Horace Mann Ins. Co.*, 238 F.R.D. 536, 538 (D. Conn. 2006) ("If plaintiff needed more time to respond to the discovery requests it should have either contacted the defendant to obtain its consent to an extension or, if defendant was unwilling to acquiesce, apply to the court . . . for an extension of time to reply.").

Second, the delay here has been significant:  Pursuant to the parties' stipulation, plaintiff's interrogatory answers were due on May 6, 2011, making any objections served on June 30, 2011, fifty-five days late.  Courts have found a waiver of objections based on shorter periods of delay.  *See, e.g., Caudle*, 263 F.R.D. at 33 (finding a waiver of objections that were served thirty-seven days late); *Horace Mann Ins. Co.*, 238 F.R.D. at 538 (finding a waiver of objections that were served twenty-two days late); *Equity Indus. A-Rockville LLC v.7900 Rockville, LLC*, 2010 WL 1737915 at *2 (S.D. Ind. Apr. 27, 2010) (finding a waiver of objections that were served nineteen days late).

Third, the interrogatories were properly framed according to the allegations in the complaint and were not excessively burdensome.  And, finally, given plaintiff's representation that it does not intend to raise any objections to the interrogatories (Pl.'s Resp. Br. at 2), a finding of waiver would not impose a harsh result on plaintiff.

<u>Conclusion</u>

For the reasons stated above, defendant prays that its motion be granted.

Respectfully submitted,

June 9, 2011                                <u>s/ Karen Servidea</u>
                                            KAREN SERVIDEA
                                            Attorney of Record
                                            U.S. Department of Justice
                                            Tax Division
                                            Court of Federal Claims Section
                                            Post Office Box 26
                                            Ben Franklin Post Office
                                            Washington, D.C. 20044
                                            (202) 616-3423 - telephone
                                            (202) 514-9440 - facsimile
                                            karen.e.servidea@usdoj.gov

                                            JOHN A. DiCICCO
                                               Principal Deputy Assistant Attorney General
                                            STEVEN I. FRAHM
                                               Chief, Court of Federal Claims Section

                                            <u>s/ Steven I. Frahm</u>
June 9, 2011                                Of Counsel